1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| CARL JACKSON, | ) | Case No. 2:17-cv-03040-JCM-NJK |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | REPORT and RECOMMENDATION |
| | ) | |
| NEVADA DHHS, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

Because the Court granted Plaintiff's request to proceed *in forma pauperis,* the Court screened his complaint pursuant to 28 U.S.C. § 1915. Docket No. 3. The Court found that Plaintiff's complaint was deficient. *Id.* at 2-3.[1] In particular, the Court concluded that Plaintiff's complaint failed to comply with Rule 8 of the Federal Rules of Civil Procedure, in that he alleged basic disagreement with family court proceedings without clearly identifying a cause of action. *Id.* The Court further concluded that Plaintiff's claims appeared to be deficient in that they sought this Court to act as an appellate court to the state family court and improperly sought to have this Court improperly interfere in ongoing proceedings in that court. *Id.* at 3. The Court provided an opportunity for Plaintiff to amend the complaint, to the extent he believed he could cure those deficiencies. *Id.*

---

[1] In that order, the Court outlined the standards that apply in screening a complaint pursuant to 28 U.S.C. § 1915. Docket No. 3. The Court applies the same standards here.

Now pending before the Court is Plaintiff's Petition to Show Cause, which the Court construes as an amended complaint.  Docket No. 5.[2]  The amended complaint fails for the same reasons identified previously.  First, Plaintiff identifies his claim(s) as being brought under 42 U.S.C. § 1983.  *Id.* at 1.  While § 1983 allows a party to bring a claim for constitutional violations, Plaintiff fails to explain what constitutional provision he believes has been violated.  *See id.* at 2 (stating vaguely that "my state court rulings are unconstitutional").  Instead, he alleges generally that he has been treated unfairly in family court proceedings regarding owed child support.  Plaintiff has again failed to identify coherently who is being sued, for what relief, and on what theory, as is required by Rule 8.[3]

Moreover, and significantly, the relief sought is for this Court to invalidate certain family court rulings, to dismiss those ongoing proceedings, and to nullify outstanding warrants.  *See, e.g.*, *id.* at 2 (challenging the judicial signatures on various rulings); *id.* at 3 (seeking relief in the form of being "released from my cases" and ordering that Plaintiff "not be punished for any warrants").  As the Court explained previously, this is not a proper forum to raise such concerns.  "It is well settled that a federal district court does not have appellate jurisdiction over a state court, whether by direct appeal, mandamus, or otherwise." Docket No. 3 at 3 (citing *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923) and *Bianchi v. Rylaarsdam,* 334 F.3d 895, 898 (9th Cir. 2003)). " Moreover, the United States Supreme Court has long made clear that federal courts should generally avoid interfering with pending state proceedings even when they raise issues of federal rights or interests." *Id.* (citing *Younger v. Harris*, 401 U.S. 37, 44 (1971) and *Kitchens v. Bowen*, 825 F.2d 1337, 1341 (9th Cir. 1987)).  To that end, a federal court must abstain under *Younger* if four requirements are met:

---

[2] The Court construes Plaintiff's filing liberally.  *E.g.*, *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010)

[3] Plaintiff attempts to sue Nevada DHHS and six individuals, without any specific allegations as to what each Defendant did and how such allegations provide a basis for any particular cause of action.  Such detail is necessary to not only understand the basic contours of the claims being made, but also to assess potentially applicable immunities.  *See, e.g.*, *Amaral v. County of Los Angeles*, 2016 WL 4056299, at *2 (C.D. Cal. July 5, 2016) ("A government attorney is immune from suit for actions taken in connection with bringing and prosecuting a family law action involving child custody or child support" (collecting cases)).

1   (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important
    state interests; (3) the federal plaintiff is not barred from litigating federal
2   constitutional issues in the state proceeding; and (4) the federal court action would
    enjoin the proceeding or have the practical effect of doing so, *i.e.*, would interfere
3   with the state proceeding in a way that *Younger* disapproves.

4   *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d

5   1087, 1092 (9th Cir. 2008).  The amended complaint shows that each of these requirements is met

6   here.  *See, e.g.*, *Estes v. Gaston*, 2012 WL 5839490, at *4-5 (D. Nev. Nov. 16, 2012) (Mahan, J.)

7   (concluding that *Younger* abstention applied in similar case to enjoin enforcement of family court

8   bench warrant arising out of the plaintiff's unpaid child support).[4]

9           In short, notwithstanding the previous order identifying the same defects, Plaintiff's amended

10  complaint continues to fail to comply with Rule 8 and continues to fail to provide a basis on which

11  the Court could conclude that this is the proper venue for him to raise his concerns.  As the Court

12  has already allowed an opportunity to amend and that amendment did not meaningfully advance the

13  pleadings, further opportunity to amend is not warranted.  *See, e.g.*, *City of Los Angeles v. San Pedro*

14  *Boat Works*, 635 F.3d 440, 454 (9th Cir. 2011) ("the district court's discretion to deny leave to

15  amend is particularly broad where plaintiff has previously amended the complaint" (quoting *Ascon*

16  *Props., Inc. v. Mobile Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)).

17

18

19

20

21  [4] It has long been settled within the Ninth Circuit that *Younger* abstention applies to state
    court proceedings regarding paternity and enforcing child support orders.  *See Kitchens*, 825 F.2d
22  at 1341-42.  More recently, the United States Supreme Court has clarified that *Younger* abstention
    applies only to (1) state criminal proceedings, (2) state civil proceedings that are akin to criminal
23  prosecutions, and (3) state civil proceedings that implicate a state's interest in enforcing the orders
    and judgments of its courts.  *See ReadyLink Healthcare, Inc. v. State Compensation Ins. Fund*, 754
24  F.3d 754, 759 (9th Cir. 2014) (discussing *Sprint Comm's, Inc. v. Jacobs*, 134 S.Ct. 584 (2013)).  The
    Court has not located case law addressing *Kitchens*' continued viability after *Sprint*.  Nonetheless,
25  the underlying proceedings at issue in this case clearly fall within the scope of cases to which
    *Younger* abstention applies.  The underlying family court proceedings involve the state's ongoing
26  efforts to enforce its child support orders including through jail time and other criminal sanctions.
    *See* Docket No. 5 at 2 ("[t]hroughout the 22 years [of child support proceedings] I have been thrown
27  in jail"); *id.* at 3 (seeking an order that Plaintiff "not be punished for any [outstanding] warrants");
    *see also* NRS § 201.020 (outlining criminal punishment and imprisonment for failure to pay child
28  support).  Hence, although the details of the state court proceedings are not provided, it is sufficiently
    clear that those proceedings fall within either of the latter two categories of cases identified in *Sprint*.

1    Accordingly, the undersigned **RECOMMENDS** that this case be **DISMISSED** without

2    further opportunity to amend.

3    Dated: January 17, 2018

4    _____
     NANCY J. KOPPE

5    United States Magistrate Judge

6

7

8    <u>NOTICE</u>

9    Pursuant to Local Rule IB 3-2, any objection to this Report and Recommendation must be

10   in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has

11   held that the courts of appeal may determine that an appeal has been waived due to the failure to file

12   objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also

13   held that (1) failure to file objections within the specified time and (2) failure to properly address and

14   brief the objectionable issues waives the right to appeal the District Court's order and/or appeal

15   factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir.

16   1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

17

18

19

20

21

22

23

24

25

26

27

28